Nott, J.,
delivered the opinion of the court:
In these cases motions were made by the defendants to dismiss for want of jurisdiction. The cases are patent cases, and, the defendants insist, of that general class where an ordinary plaintiff, suing an ordinary defendant, could set up no contract and would be put to an action in tort for an infringement. But the petitions are so indefinite in terms, and so wanting in specific averments, that it is doubtful to which class of cases these properly belong. The court therefore must decline to express an opinion upon the very important general question which the defendants have presented and have sought to have determined. ,
The purpose of the petition in this court (in its character of pleading), like a declaration in an action at common law, is twofold : first, to apprise the defendants of the facts which the claimant expects to prove; second, to furnish a record which will constitute an estoppel as against a second suit on the same cause of action. In these cases the petitions set up what are really conclusions of law, and the actual averments of fact amount to little or nothing. The rules of this court (Art. II, §§ 2, 6), which prescribe the essentials of a petition, are almost utterly disregarded, and the law officers of the government are left as ignorant of the acts of the agents of the government, of acts which necessarily must constitute the cause of action, if one exists, as if no petition had been filed.
Yet the court is of the opinion that a motion to dismiss for want of jurisdiction is not the defendants’ remedy. Neither can it be said that the petitions are demurrable for not setting forth facts sufficient to constitute a cause of action.
The petitions are simply indefinite and uncertain. Modern codes of procedure almost always, if not invariably, provide a remedy for such defects by motion to make the defective plead *123 ing definite and certain. After the full and clear instructions given by the rules of this court, it was supposed that no such-remedy would be needed, and therefore none such was prescribed ; but the court is of the opinion that a motion to make a petition conform to the requirements of the rule above cited would be the proper remedy for the defendants, and that upon such a motion a party may be required to amend until his petition complies with the rule, and spreads upon the record the specific facts which are to form the elements of legal controversy.
The defendants’ motion to dismiss for want of jurisdiction is overruled in each case.